**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FT. LAUDERDALE DIVISION**

In Re:

BARBARA CALLE,                                         Case No. 20-12244-SMG

    Debtor.                                              Chapter 7

_____/

**MOTION TO LIFT AUTOMATIC STAY**

**ANY INTERESTED PARTY WHO FAILS TO FILE AND SERVE A WRITTEN RESPONSE TO THIS MOTION WITHIN 14 DAYS AFTER THE DATE OF SERVICE STATED IN THIS MOTION SHALL, PURSUANT TO LOCAL RULE 4001-1( C), BE DEEMED TO HAVE CONSENTED TO THE ENTRY OF AN ORDER GRANTING THE RELIEF REQUESTED IN THE MOTION.**

COMES NOW ACAR LEASING LTD, INC., D/B/A GM FINANCIAL LEASING (hereinafter "Creditor"), a secured creditor herein, by and through its undersigned attorneys, and pursuant to 11 USC § 362 requests this Court enter an Order lifting the automatic stay, and in support thereof would assert as follows:

1. On or about February 20, 2020, the Debtor filed a Chapter 7 Petition in this Court.

2. For value received, the Debtor executed and delivered a Motor Vehicle Lease Agreement as evidence of an indebtedness to the Creditor ("Agreement").  A copy of the loan documents are attached hereto.

3. Said indebtedness is secured by property more particularly described in the parties' agreement as a **2018 CHEVROLET EQUINOX, VIN: 2GNAXHEV2J6286551.**

4. The Creditor is the present owner and holder for value of the contract, and holds a perfected lien on the collateral.

5. The aforedescribed Agreement is now in default because of the Debtor's failure to make regular contract payments beginning **May 24, 2020**, and thereafter, as set forth in the affidavit of Creditor attached hereto.

6. The legal title to said collateral is vested in the Creditor.

7. The Trustee has not filed a Report of No Distribution as of July 30, 2020.

8. By reason of the defaults as set forth above, Creditor wishes to exercise its option to declare the entire principal balance and the accrued interest under the Agreement due and payable and take possession of the collateral, which action is stayed by the filing of the Debtor's Petition herein.

9. Creditor has retained the undersigned attorneys to represent it in this action, and is obligated to pay said attorneys a reasonable fee for their services.

10. Creditor has duly performed each and every act required to be performed by it under the Agreement, and all conditions precedent to the filing and maintenance of this Motion have been performed or have occurred.

11. In order to protect its security, Creditor may be required to advance and pay out during the pendency of this action and any subsequent action to take possession of the collateral, monies for Court costs and attorneys fees in pursuing such action. Any such sums advanced and paid out will be due and owing Creditor pursuant to the terms of the Agreement.

12. The Creditor believes that the 14 day stay period set forth in Bankruptcy Rule 4001(a)(3) is not applicable in this case, and requests the Court to waive the 14 day stay so that the Creditor may immediately enforce and implement any Order granting the relief requested herein.

13. The foregoing facts constitute cause for relief from the automatic stay pursuant to 11 U.S.C. 362(d).

14. The automatic stay provisions of § 362 should be lifted or modified in order to permit Creditor to enforce its rights under the Agreement, including Creditor's right to retake possession of the subject collateral, for the following reasons:

    a. Creditor lacks adequate protection of its interest in the subject security because the Debtor has ceased paying her obligations, and such default is causing a steady increase in the indebtedness owed Creditor under the Agreement.

    b. The facts as stated above constitute unreasonable delay by the Debtor that is prejudicial to Creditor, and constitutes a lack of adequate protection of Creditor's interest in the property.

15. The stay should be lifted to allow the movant to exercise its contractual, state and common law remedies relating to the collateral, including authorization to give all notices and take such action as necessary to protect its rights to file or amend its claim to assert any deficiency remaining on the sale of the collateral.

WHEREFORE, Creditor requests the Court enter an Order (1) granting relief from the automatic stay *in rem* to permit Creditor to take possession of the subject collateral, (2) waiving the 14 day stay period under Rule 4001(a)(3) so as to permit the Creditor to immediately enforce the relief requested herein, (3) allowing the movant to exercise its contractual, state and common law remedies relating to the collateral, including authorization to give all notices and take such action as necessary to protect its rights to file or amend its claim to assert any deficiency

remaining on the sale of the collateral, and (4) for such other and further relief as is just and

proper.

I HEREBY CERTIFY THAT I AM ADMITTED TO THE BAR OF THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF FLORIDA AND I AM IN COMPLIANCE WITH THE ADDITIONAL QUALIFICATIONS TO PRACTICE IN THIS COURT SET FORTH IN LOCAL RULE 2090-1(A).

/s/DAVID E. HICKS, ESQ.
DAVID E. HICKS, ESQ.
Fla. Bar No. 0368245
KELLEY KRONENBERG ATTORNEYS AT LAW
1511 N. Westshore Blvd., Suite 400
Tampa, FL 33607
(813) 223-1697
(813) 433-5275 (fax)
E-mail: dhicks@kelleykronenberg.com
Attorneys for GM Financial Leasing

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a copy of the foregoing Motion to Lift Automatic Stay with all attachments has been furnished by either Electronic or U.S. Mail to the parties listed below on this 30th  day of July, 2020.

/s/DAVID E. HICKS, ESQ.
ATTORNEY

Barbara Calle
13453 NW 5th Place
Plantation, FL 33325-6149

Robert Sanchez, Esq.
355 W. 49 St.
Hialeah, FL 33012

Scott  Brown, Trustee
1 SE 3 Ave., #1440
Miami, FL 33131

Office of the US Trustee
51 SW 1st Ave., Suite 1204
Miami, FL 33130